## LOTT v. STATE.

Opinion delivered June 27, 1903.

INSTRUCTION—CORROBORATION OF ACCOMPLICE.—An instruction that if an alleged accomplice was corroborated, the defendant should be convicted is erroneous and misleading where the testimony of such accomplice did not tend to convict defendant.

Appeal from Crawford Circuit Court.

JEPTHA H. EVANS, Judge.

Reversed.

STATEMENT BY THE COURT.

The appellant was jointly indicted with Ed Shaw for grand larceny, charged with having stolen $20.00 in money from Jim Bryant. He pleaded "Not guilty," was tried and convicted, filed a motion for a new trial, which being overruled he excepted and appealed to this court. The appellant had been tried before Esq. Wells in examining court, and Ed Shaw had testified in that court on the appellant's examination on this charge there that Lott had stolen the money, and given him part of it.

On the trial in the circuit court Shaw testified that he swore in the magistrate's court as stated above, but that he did it in order to escape punishment; that Lott did not turn over any money to him, or tell him that he had taken any money from Bryant or any one else; that he "did not take any money from Jim Bryant, or any one else; and so far as I know William Lott did not."

*Chew & Fitzhugh,* for appellant.

Declarations of an accomplice after the crime is committed are not competent. 57 Ark. 1; 45 Ark. 165, 238. The foundation for the testimony of James Bryant as secondary evidence was not properly laid. 58 Ark. 353; 33 Ark. 539.

*George W. Murphy, Attorney General,* for appellee.

HUGHES, J., (after stating the facts). On the trial of this cause in the circuit court, the court over the objection of the defendant gave to the jury the following instruction to which the defendant excepted, to-wit:

"An accomplice is one who participates in the guilt of the transaction. If Shaw is an accomplice in the larceny charged to have been committed, then Lott could not be convicted upon the uncorroborated testimony of Shaw. There, in such a case, must be some other evidence, direct or circumstantial, tending to connect defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows the commission of the offense and the circumstances thereof. But the testimony of an accomplice may be corroborated by direct evidence, or by circumstantial evidence tending to connect defendant with the commission of the offense. It is not necessary that the defendant's guilt should be made out by evidence other than Shaw's, if Shaw is in fact an accomplice. It is only necessary in the respect that there is other substantive evidence than Shaw's, if Shaw is an accomplice, tending to connect the defendant with the commission of the offense, and that upon all the evidence the jury are satisfied beyond a reasonable doubt that defendant is guilty. If these conditions are met, the defendant should be convicted; if these conditions are not met, the defendant should be acquitted." This instruction is erroneous and misleading, and for the error in giving it the cause must be reversed. The vice in this instruction is that it assumes that the testimony of Shaw tended to show that the appellant was guilty of the offense with which he was charged, which it did not do. Though the testimony of Shaw on the examining trial of the defendant in this case did tend to show the guilt of the defendant, yet on the trial of the defendant in the circuit court Shaw stated in evidence that his testimony on the examining trial was not true, and that he gave it to exonerate himself. He said: "I swore in the examining trial of Lott that he had stolen the money and given it to me, but that was not true. What I swear here, is true. So far as I know, William Lott did not steal any money from the parties. Defendant did not turn over any money to me, nor tell me that he had taken any money from Bryant or any one else. I did tell Mr. Chastain that the defendant had stolen the money and given me part of it, but that was not true." This was all his testimony on the trial in the circuit court. Yet the court told the jury that if Shaw was corroborated the defendant should be convicted.

For the error in giving this instruction the judgment is reversed, and the cause is remanded for a new trial.